**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-02048** |
| | **Chapter 7** |
| **PMC MARKETING CORP** | |
| | **Adversary No. 12-00147** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS CHAPTER 7 TRUSTEE** | |
| **Plaintiff** | |
| **vs.** | |
| **DOWNTOWN DEVELOPMENT CORP** | |
| | **FILED & ENTERED ON 09/05/2014** |
| **Defendant(s)** | |

## OPINION AND ORDER

Before this court is Creditor/Defendant's Motion for Summary Judgment [Dkt. No. 35] and Trustee/Plaintiff's Opposition and Response to Defendant's Motion for Summary Judgment [Dkt. No. 45, 46]. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED.

### I. Background

Debtor, PMC Marketing Corporation, filed a voluntary chapter 11 bankruptcy petition on March 18, 2009. On March 2, 2012, Debtor's Chapter 7 Trustee (the "Trustee") filed an adversary proceeding to recover $41,361.02 against Defendant Downtown Development Corporation.

Defendant filed a Motion to Dismiss for a more definitive statement on June 4, 2012. This Court denied such motion on August 13, 2012. Defendant's motion for summary judgment and Plaintiff's opposition followed.

**II. Summary Judgment Motion**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Patco Constr. Co. v. People's United Bank, 684 F.3d 197, 206-07 (1st Cir. 2012) (quotation marks omitted).

In the summary judgment motion presently before the court, Defendant argues that there are no genuine issues as to any material fact and that therefore the moving party is entitled to judgment as a matter of law. First, Defendant argues that pursuant to section 547(c)(4) of the Bankruptcy Code, Plaintiff is not entitled for the return of the funds because of the new value exception. Defendant contends that under the new value defense, three requirements must be met: the creditor must have extended new value after receiving the preference; the new value must have been unsecured; and, the new value must remain unpaid. Defendant contends that it has met the above requirements. Defendant clarifies that Plaintiff cashed both payments totaling to the claimed amount of $41,361.02 on February 3, 2009. Further, Debtor incurred the same amount in a pre-petition lease. Defendant further comments that Debtor continued to occupy Defendant's leased property post-petition until the rejection of the lease, thus leaving an unpaid administrative unsecured balance of $77,210.23. Summarily, because Debtor continued to occupy the property and, therefore, received subsequent

new value of such occupation as described in section 547(c)(4), Defendant is relieved of the obligation to return the otherwise avoidable transfer.

In opposition, Plaintiff argues that section 547(c)(4) provides a defense against preference actions when a creditor provides new value to a Debtor after the preferential transfer, but before the filing of the petition. Plaintiff contends that Defendant's alleged new value was made post-petition and thus cannot qualify under the new value exception. Further, Plaintiff clarifies that post-petition payments are otherwise unavoidable transfers, and thus cannot be counted to qualify for the new value exception. Plaintiff contends that Debtor made nine payments to account for the alleged new value described by the Defendant for a total of $174,166.55. Therefore, Plaintiff argues that the Debtor made otherwise unavoidable transfers for the rent in excess of the pre-petition debt. Summarily, Defendant cannot qualify for the new value exception based on the two reasons stated above.

After reviewing the Plaintiff's arguments, and the relevant law, this Court concludes that there are no genuine issues as to any material fact and that the moving party is not entitled to judgment as a matter of law.  In a motion for summary judgment, in order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense *or* demonstrate that the nonmoving party does not have sufficient evidence of an essential element to carry its ultimate burden of persuasion at trial. Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516-17 (1st Cir. 1991); High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir.1990).

This Court has previously adopted the minority reading of the subsequent new value exception. In re PMC Mktg. Corp., 09-02048, 2013 WL 5741826 (Bankr. D.P.R. Oct. 23, 2013)

("This Court adopts the minority approach of Section 547(c)(4).") The minority reading, consistent with the Supreme Court's guidance on statutory reading, is straightforward. "[U]nlike the majority rule, the minority yet emerging reading does not require that the subsequent new value remain unpaid, but does require that the preference payment be avoidable (i.e., statutory language "not otherwise unavoidable")." Id. The policy behind this reading is that "the subsequent new value exception as to facilitate creditors to continue dealing with a financially shaky debtor and to replenish an estate diminished by a preference. Accordingly, a creditor is entitled to only a one-time credit benefit for goods and services it later supplied." Id. In the case presently before the Court, Defendant fails to address why the first payment of $41,361.02 accounts for new value under the minority interpretation of the Code. Further, Defendant's alleged $77,210.23, cannot qualify for the new value exception because such amount accrued post-petition.

WHEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment shall be, and it hereby is, DENIED. Clerk to schedule a pre-trial hearing.

SO ORDERED

San Juan, Puerto Rico, this 5th day of September, 2014.

Brian K. Tester
U.S. Bankruptcy Judge