# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

IN RE:

**PMC MARKETING CORP**

**Debtor(s)**

**NOREEN WISCOVITCH RENTAS CHAPTER 7 TRUSTEE**

**Plaintiff**

**vs.**

**DOWNTOWN DEVELOPMENT CORP**

**Defendant(s)**

**CASE NO. 09-02048**

**Chapter 7**

**Adversary No. 12-00147**

**FILED & ENTERED ON 01/14/2015**

## OPINION & ORDER

At the hearing held on November 5, 2014, the court took under advisement the Counter Motion for Summary Judgment submitted by Plaintiff as part of their Opposition to Defendant's Motion for Summary Judgment [See Dkt. No's 35 & 45]. The court had previously issued an Opinion and Order on September 5, 2014, denying Defendant's Motion in which it found that the Defendant failed to address why the first payment of $41,361.02 accounted for new value under the minority interpretation of the Code, and that the alleged $77,210.23, could not qualify for the new value exception because such amount accrued post-petition. The court then scheduled the adversary

for a pre trial hearing.  Following a thorough review of the legal arguments raised and as explained below, the court grants the Plaintiff's Counter Motion for Summary Judgment in the amount of $41,361.02 plus costs.

**I. Background**

Debtor, PMC Marketing Corporation, filed a voluntary chapter 11 bankruptcy petition on March 18, 2009. On March 2, 2012, Debtor's Chapter 7 Trustee (the "Trustee") filed an adversary proceeding to recover $41,361.02 against Defendant Downtown Development Corporation. Defendant filed a Motion to Dismiss for a more definitive statement on June 4, 2012. This Court denied such motion on August 13, 2012. Defendant's motion for summary judgment and Plaintiff's Opposition and Cross Motion followed. In its Opinion and Order dated September 5, 2014, the court denied Defendant's Motion for Summary Judgment but did not separately consider the legal arguments raised by Plaintiff in the counter motion for summary judgment. This question was raised by Plaintiff at the pre trial hearing held on November 5, 2014, and the court took the matter under consideration.

**II. Analysis**

The object of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).  In its Opinion and Order dated September 5, 2014 [Dkt. No. 49] the court determined that there were no genuine issues as to any material fact. See Opinion & Order dated 9/5/2014, page 3.

It is undisputed that Debtor made a preferential transfers to Defendant for the amount of $41,361.02. See Defendant's Statement of Fact No. 5. The payments were on account of past due rent for three properties. The total amount of $41,361.02 was paid during the preference period on account of past due rent for the property located in Valle Real Shopping Center. These payments, Plaintiff contends, are avoidable pursuant to 11 U.S.C. § 547 and meet all of the requirements of this Section: (1) payment to a creditor, (2) on account of an antecedent debt, (3) during the 90 days prior to the filing of the Bankruptcy, (5) that would allow that creditor to receive more than it would under a Chapter 7 liquidation. See Plaintiff's Counter Statement of Facts 1-6.

Plaintiff argues that 11 U.S.C. § 547(c)(4) provides a defense against preference actions when a creditor provides new value to a debtor after the preferential transfer, but before the filing of the petition. Plaintiff contends that Defendant's alleged new value was made post-petition and thus cannot qualify under the new value exception. Further, Plaintiff clarifies that post-petition payments are otherwise unavoidable transfers, and thus cannot be counted to qualify for the new value exception. Plaintiff contends that Debtor made nine payments to account for the alleged new value described by the Defendant for a total of $174,166.55. Therefore, Plaintiff argues that the Debtor made otherwise unavoidable transfers for the rent in excess of the pre-petition debt. Summarily, Defendant cannot qualify for the new value exception based on the two reasons stated above. This Court agrees with Plaintiff's legal analysis.

WHEREFORE, IT IS ORDERED that Plaintiff's Counter Motion for Summary Judgment shall be, and it hereby is, GRANTED. The trial scheduled for 1/22/2015 at 9:00 AM in this adversary proceeding is vacated and set aside. The Plaintiff shall file a motion detailing his costs within twenty (20) days.

SO ORDERED

San Juan, Puerto Rico, this 14th day of January 2015.

Brian K. Tester
U.S. Bankruptcy Judge